Honorable Timothy W. Dore
Chapter 7
Hearing Location: Seattle US Courthouse Room 8106
Hearing Date: January 6, 2017
Hearing Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>DANIEL LEROY FIEVEZ,<br><br>Debtor. | Case No. 16-14835-TWD<br><br>DEBTOR'S REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF BANKRUPTCY UNDER 11 U.S.C. § 707(a) |

## I.  REPLY

Mr. Fievez respectfully asks the Court, in its discretion, to grant his voluntary dismissal so that Mr. Fievez may continue his personal battle with his mortgage lender. The totality of the circumstances weigh in favor of dismissal because it is in the best interests of both the Debtor and the creditors of the estate. *See, e.g., In re Aupperle*, 352 B.R. 43 (Bankr. D.N.J. 2005).

Notably, only the Trustee has objected to the voluntary dismissal of the Chapter 7, and that is because the Trustee is likely the only party to benefit from retention of the case.

The IRS has not objected, nor has the largest creditor – the secured lien creditor. The only party who stands to benefit from the continued bankruptcy is the Trustee on the off chance that he will collect a modest recovery to pay administrative fees, a modest recovery is unlikely to provide any benefit for the few creditors.

DEBTOR'S REPLY IN SUPPORT OF MOTION FOR
VOLUNTARY DISMISSAL OF BANKRUPTCY UNDER
11 U.S.C. § 707(a) - 1

**IMPACT LAW GROUP PLLC**
1325 4TH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101-2505
(206) 792-5230 • (206) 452-0655 FAX

Case 16-14835-TWD    Doc 19    Filed 01/03/17    Ent. 01/03/17 17:15:24    Pg. 1 of 6

The creditors, on the other hand, will likely fare better outside of bankruptcy. The mortgage creditor maintains its lien rights and the freedom to pursue remedies absent relief from stay. The IRS maintains its lien rights (as set forth by the Trustee), and its methods of recovery absent relief from stay. The only legitimate creditors remaining are owed approximately $7,000.00, and those are being reduced because Mr. Fievez is continuing to pay for attorney services and accounting services. As the Trustee correctly pointed out, there is a creditor listed for $6,176.06 debt to Jomax Recovery, and that debt was mistakenly overlooked in the drafting of the subject motion. That creditor also stands to do better outside of bankruptcy where its claim will remain and it will be entitled to pursue all collection methods available. Each of these respective creditors had the opportunity to object to Debtor's Motion to Dismiss, they did not.

As the Trustee points out, Mr. Fievez has attempted several bankruptcies in the past, the first occurring in 1987. The repeat nature of his filing, however, should not support the retention of the case – if anything, it would support dismissal so that the lien creditor could pursue its remedies more expeditiously and absent relief from stay.

"The law in the Ninth Circuit is clear: a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no "legal prejudice" to interested parties." *In re Leach*, 130 B.R. 855 (B.A.P. 9th Cir. 1991), citing *In re International Airport Inn Partnership*, 517 F.2d 510, 512 (9th Cir. 1975).

**Mr. Fievez Has Cause to Dismiss the Case.**

Mr. Fievez is a senior citizen on a fixed income, who like many individuals in our community has struggled to pay for his mortgage and to remain in his home.

DEBTOR'S REPLY IN SUPPORT OF MOTION FOR
VOLUNTARY DISMISSAL OF BANKRUPTCY UNDER
11 U.S.C. § 707(a) - 2

**IMPACT LAW GROUP PLLC**
1325 4TH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101-2505
(206) 792-5230 • (206) 452-0655 FAX

Case 16-14835-TWD    Doc 19    Filed 01/03/17    Ent. 01/03/17 17:15:24    Pg. 2 of 6

1   Mr. Fievez has made no secret about his dispute with his lender, and his unwillingness to let his home go to a creditor he believes is not rightfully entitled. Mr. Fievez made clear in his motion to dismiss that he believes strongly that the mortgage industry has taken advantage of him, and he made expressly clear that he pursued this bankruptcy as it provided the only option for him to continue his litigation before the foreclosure took place. Fievez Decl. ¶¶ 5-8.

Mr. Fievez has provided the Trustee with all relevant information he has, or is able to provide, so that the Trustee may assess any value to the estate relating to his pending litigation. Litigation is uncertain, but mortgage litigation pursued by a homeowner disputing a secured creditor's entitlement to foreclose is very infrequently successful. That said, Mr. Fievez is a tenacious and impassioned homeowner, who is unwilling to concede his home without a fight. For that reason alone, Mr. Fievez believes he can better pursue those rights and remedies than the Chapter 7 Trustee, who is not interested in keeping Mr. Fievez in his home and is more interested in potentially settling the matter for nominal return. Fievez Decl. ¶¶ 13-16.

**There is No Legal Prejudice to Creditors**

Dismissal will not cause prejudice to Mr. Fievez's few creditors – who maintain the same rights and remedies on the entirety of their debt outside of bankruptcy a fraction of what they might be entitled if the estate is able to collect.

Mr. Fievez does not have assets of value to the estate. Mr. Fievez listed that his home was worth $492,000, and disclosed that he has $870,000.14 in disputed secured debt against the home. Dkt #1, Schedule D. Furthermore, Mr. Fievez has claimed a homestead exemption of $125,000. The residence is nearly $400,000 below water even before considering Mr.

DEBTOR'S REPLY IN SUPPORT OF MOTION FOR
VOLUNTARY DISMISSAL OF BANKRUPTCY UNDER
11 U.S.C. § 707(a) - 3

**IMPACT LAW GROUP PLLC**
1325 4TH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101-2505
(206) 792-5230 • (206) 452-0655 FAX

Case 16-14835-TWD    Doc 19    Filed 01/03/17    Ent. 01/03/17 17:15:24    Pg. 3 of 6

Fievez's homestead exemption. This property indisputably provides no value to the estate – and would likely be subject to abandonment by the estate on motion of the debtor if required to remain in the bankruptcy.

The kind of mortgage litigation pursued by Mr. Fievez, disputing a secured creditor's entitlement to foreclose, as this Court is likely well aware – is rarely successful and in any case is unlikely to net any value over and above amounts owed to the secured creditor. While Mr. Fievez may pursue litigation with the ultimate goal of obtaining his home free and clear – such recovery is very unlikely within the Ninth Circuit.

Mr. Fievez also disputes his tax debt and believes it is incorrectly reported. He has hired an accountant to pursue review on that basis. In any case, the taxing agent is no more hindered outside of bankruptcy.

The Trustee's potential interest in receipt of a commission on the sale of the home (or tentative recovery), should not be persuasive enough to provide a basis in the record that creditors who had not yet pursued *active* collection actions would be prejudiced by the dismissal.[1] *See, e.g., In re Aupperle*, 352 B.R. 43 (Bankr. D.N.J. 2005) (granting debtor's motion to voluntarily dismiss where the cause asserted by the debtor was fear of losing her home, even in the face of Trustee's assertion that she had $16,000 worth of unexempted equity in the home). Because the assets are of no value to the estate – the creditors will not be prejudiced by dismissal. They will instead be returned to the position they held before the bankruptcy filing – claims for the full value of the amounts they deem are owed.

---

[1] The Tax liens the Trustee attaches were assessed in 2009 and 2011 respectively. There is nothing provided by the Trustee that establishes any creditors, including the IRS, are actively collecting on debt.

DEBTOR'S REPLY IN SUPPORT OF MOTION FOR
VOLUNTARY DISMISSAL OF BANKRUPTCY UNDER
11 U.S.C. § 707(a) - 4

**IMPACT LAW GROUP PLLC**
1325 4TH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101-2505
(206) 792-5230 • (206) 452-0655 FAX

## II. CONCLUSION

The Trustee has failed to articulate any prejudice to creditors. And the totality of the circumstances weigh in favor of dismissal – Mr. Fievez will have the right to pursue his home litigation, and the creditors will retain fully intact interests that might otherwise be discharged.

Because continuing the case would not advance the Chapter 7 purposes of (1) providing the Debtor with a fresh start, or (2) liquidating the Debtor's non-exempt assets, (3) for the benefit of the Debtor's unsecured creditors – Mr. Fievez respectfully requests that the Court employ its discretion to grant his motion for voluntary dismissal.

RESPECTFULLY SUBMITTED this 3rd day of January, 2017.

**IMPACT LAW GROUP PLLC**

By: */s/ Taryn M. Darling Hill*
    Taryn M. Darling Hill, WSBA #38276
    Counsel for Debtor

DEBTOR'S REPLY IN SUPPORT OF MOTION FOR
VOLUNTARY DISMISSAL OF BANKRUPTCY UNDER
11 U.S.C. § 707(a) - 5

**IMPACT LAW GROUP PLLC**
1325 4TH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101-2505
(206) 792-5230 • (206) 452-0655 FAX

Case 16-14835-TWD    Doc 19    Filed 01/03/17    Ent. 01/03/17 17:15:24    Pg. 5 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2017, I caused the foregoing document to be filed using the Court's CM/ECF system which will send notification of such filing to the following parties:

Ronald G. Brown: rgblaw@nwlink.com, rgbrown@ecf.epiqsystems.com

James K Miersma: ecf@rcolegal.com, rcofilings@ecf.courtdrive.com

United States Trustee: USTPRegion18.SE.ECF@usdoj.gov

DATED this 3rd day of January, 2017.

       **IMPACT LAW GROUP PLLC**

       /s/Leah Douglas
       Leah Douglas
       Paralegal

DEBTOR'S REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF BANKRUPTCY UNDER 11 U.S.C. § 707(a) - 6

**IMPACT LAW GROUP PLLC**
1325 4TH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101-2505
(206) 792-5230 • (206) 452-0655 FAX

Case 16-14835-TWD   Doc 19   Filed 01/03/17   Ent. 01/03/17 17:15:24   Pg. 6 of 6